UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-173-RCJ

| | | |
|---|---|---|
| CHRISTOPHER B. JULIAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiffs' Motion for Reconsideration, (Doc. No. 5), filed on October 7, 2016. Plaintiffs seek reconsideration of the Order denying leave to proceed in forma pauperis.

Plaintiffs' motion for reconsideration will be denied. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350,

1

351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

As a preliminary matter, the motion for reconsideration is moot insofar as the filing fee has been paid and the Defendants have been served. Moreover, Plaintiffs have not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. The motion does not present evidence that was unavailable when the Complaint was filed, nor does the motion stem from an intervening change in the applicable law. Furthermore, the Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice. See Hill, 277 F.3d at 708. In sum, the Court will deny the Plaintiffs' motion for reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion for Reconsideration, (Doc. No. 5), is **DENIED**.

Signed: August 25, 2017

Robert J. Conrad, Jr.
United States District Judge